09-2211-ag
Liu v. Holder

BIA
Simmons, IJ
A095 716 973

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

_____

YA-ZHEN LIU,
> *Petitioner*,

v.                                      09-2211-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,
> *Respondents*.

_____

FOR PETITIONER:        Waisim M. Cheung, New
                       York, New York.

**FOR RESPONDENTS:** Tony West, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ya-Zhen Liu, a native and citizen of China, seeks review of the April 27, 2009 order of the BIA: (1) affirming the March 14, 2007 decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to remand. *In re Ya-Zhen Liu*, No. A095 716 973 (B.I.A. Apr. 27, 2009), *aff'g* No. A095 716 973 (Immig. Ct. N.Y. City Mar. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Liu does not challenge the agency's findings that her credibility was undermined because: (1) during her testimony, she was unable to provide the address, location, or name of the church that she had

allegedly attended in New York for four months; and (2) her testimony that her pastor's name was Hua Zheng Zhi was inconsistent with a letter that she had submitted, which was allegedly from her pastor, and signed Rev. Andrew Thi. Thus, she has waived any challenge to those findings, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), and they stand as valid bases for the IJ's adverse credibility determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146-147 (2d Cir. 2008). As the BIA noted, moreover, Liu failed to exhaust on appeal any challenge to the IJ's finding of a discrepancy between her testimony and a letter from her parents regarding whether they were arrested and detained in China because of their religious beliefs. We decline to consider in the first instance the argument she now raises before this Court. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

We decline to consider Liu's challenges to the agency's other credibility findings. Even if they were in error, remand would be futile as we can confidently predict that the agency would reach the same conclusion in any event on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006). Ultimately, because substantial evidence supported the agency's adverse credibility

determination, it properly denied Liu's application for asylum, withholding of removal, and CAT relief because the only evidence that she would be persecuted or tortured depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Nor did the BIA abuse its discretion in denying Liu's motion to remand. *See Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005). With respect to Liu's fear of forced sterilization based on her first pregnancy, we find no error in the agency's conclusion that she failed to demonstrate her *prima facie* eligibility for relief. To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). In denying Liu's motion, the BIA determined that she failed to demonstrate a "realistic chance" that she could succeed on her family planning claim. As the BIA noted, she never presented evidence demonstrating that she had violated the family planning policy, and thus, failed to demonstrate her *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143 (2d Cir. 2008). We have previously reviewed the agency's

consideration of evidence similar to that which Liu submitted and have found no error in its conclusion that it is insufficient to establish an objectively reasonable fear of persecution.  *See id.* at 156-65.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
